## BARGAIN LUMBER YARD, Inc., v. CARBO.

### No. 4286.

Court of Appeal of Louisiana. Second Circuit.

June 15, 1932.

Gus A. Voltz, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

McGREGOR, J.

In the early part of 1931, the defendant, B. J. Carbo, contracted with the United States government to build four buildings at Camp Beauregard in Rapides parish, and purchased the materials for each building from the plaintiff. The buildings were known as:

(1) Gun shed.

(2) Warehouse building No. 12.

(3) Motortruck building.

(4) Magazine building.

As the materials were delivered to the locations of the several buildings from time to time invoices were made and, as a matter of convenience, it was noted on each invoice for which building the material was being furnished, but all the invoices were charged to the defendant in one account. On June 5, 1931, the defendant mailed to the plaintiff a check for $1,449.74, which he evidently thought would pay his account in full. Plaintiff credited $102.14 of this to a charge for cement used in concrete foundation, and the balance of $1,347.60 was credited in one

lump sum on the material account for these four buildings, which, according to the way the account stands on plaintiff's ledger sheet inserted in the record, left a balance of $356.90 due.

A controversy has arisen as to the correctness of the account, and plaintiff has brought two suits against the defendant, one for $171.38 for the balance alleged to be due for material furnished for the construction of the gun shed, and one for $175.52 for the balance alleged to be due for material furnished for the construction of the Magazine building. These two suits were filed in the Alexandria city court, the maximum jurisdiction of which court is the sum of $300. Before going to trial the defendant filed a plea to the jurisdiction ratione materiæ in each case on the ground "that the amounts claimed in the two suits grow out of one and the same transaction and that the plaintiff has split or divided one single cause of action into two suits in an effort to give the City Court of Alexandria Ward jurisdiction, when in fact and in law the City Court of Alexandria has no jurisdiction ratione materiæ." These exceptions were overruled. The two cases were consolidated and tried together as one case and judgment was rendered in favor of plaintiff for the amount prayed for in each case. Defendant has appealed in each case and the record has been brought to this court in one transcript.

Defendant urges upon us his pleas to the jurisdiction and they will be considered first. The ledger sheet containing all the transactions of defendant with the plaintiff is filed in the record and is captioned "B. J. Carbo, Camp Beauregard, Four Warehouses." It consists of two pages of debits and credits and shows a balance of $356.90 due to the plaintiff. It is true that each charge shows to which building it went, but all the items are charged indiscriminately in the same account, and the credits do not show any imputation to any certain building. In its testimony the plaintiff admits that it received from defendant a lump-sum payment of $1,449.74 on June 5, 1931. Without any authority it claims to have imputed that payment as follows:

(1) Concrete foundations .........$  102.14
(2) Motor Truck Building .........   683.24
(3) Warehouse No. 12 ............   400.35
(4) Gun Shed ...................   264.01

    Total ......................$1,449.74

It then contends that there remained due $171.38 on the gun shed and $175.52 on the Magazine building, and it is for those two sums that the two suits were filed. It is patent on the face of it that all of defendant's indebtedness to plaintiff was charged in one account and was one obligation. The case is so clear that it needs no argument. It is evident that the amounts have been thus divided so as to bring them within the jurisdiction of the city court. That court had no jurisdiction to try a case involving over $300, and yet that is what it assumed to do. The two cases were consolidated and tried as one. They both involved the same issue and, as a matter of fact, each sum involved was a part of the total sum claimed by the plaintiff as shown by its books. The pleas to the jurisdiction are good and should have been sustained.

Having arrived at the conclusion that we have, we do not consider the merits of either case.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgments appealed from be, and they are, hereby reversed, annulled, and set aside; the pleas to the jurisdiction ratione materiæ are sustained in each case; and the plaintiff's suits are dismissed, at its costs in both courts.